IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| NORTHWEST ENVIRONMENTAL DEFENSE CENTER, a non-profit corporation; NORTHWEST ENVIRONMENTAL ADVOCATES, a non-profit corporation; COLUMBIA RIVERKEEPER, a non-profit corporation; and WILLAMETTE RIVERKEEPER, a non-profit corporation, | 07-CV-1396-BR  OPINION AND ORDER |

       Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States Government Agency; STEPHEN JOHNSON, Administrator, Environmental Protection Agency; and MICHAEL F. GEARHEAD, Director, Office of Water and Watersheds Environmental Protection Agency Region 10,

       Defendants.

**MELISSA POWERS**
Pacific Environmental Advocacy Center
10015 S.W. Terwilliger Blvd.
Portland, OR 97219
503-768-6727

       Attorneys for Plaintiffs Northwest Environmental
       Defense Center and Northwest Environmental Advocates

**BRETT VANDENHEUVEL**
Columbia Riverkeeper
917 Oak St., Suite 414
Portland, OR 97205
(503) 224-3240

       Attorney for Plaintiff Columbia Riverkeeper

**BRENNA BELL**
Willamette Riverkeeper
1515 S.E. Water Ave., Suite 102
Portland, OR 97214
(503) 223-6418

       Attorney for Plaintiff Willamette Riverkeeper

**HARDY MYERS**
Attorney General
**KAREN L MOYNAHAN**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

       Attorneys for Intervenor State of Oregon

**BROWN, Judge.**

    This matter comes before the Court on the State of Oregon's Motion to Intervene (#5) to defend regulations the State developed to maintain water quality pursuant to the Federal Water

2  -  OPINION AND ORDER

Pollution Control Act (Clean Water Act or CWA), 33 U.S.C. §§ 1251-1387.

Plaintiffs do not object to the State of Oregon's Motion to Intervene. Although the United States Environmental Protection Agency (EPA) has not yet appeared, the State of Oregon asserts EPA does not take a position on the State's Motion.

For the following reasons, the Court **GRANTS** the State's Motion to Intervene.

## BACKGROUND

Plaintiffs filed a Complaint against Defendants on September 20, 2007, alleging EPA approved the State of Oregon's CWA compliance-schedule regulation in violation of the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and the Administrative Procedures Act, 5 U.S.C. §§ 551-59, 701-06. *See* Or. Admin. R. 340-041-0061(16)(2007). Plaintiffs specifically allege EPA failed to conduct the inter-agency consultation required by the ESA to ensure EPA's approval would not jeopardize or result in loss of critical habitat for any listed species. *See* 16 U.S.C. § 1536(a)(2). In addition, Plaintiffs allege EPA's approval of Oregon's compliance-schedule regulation was arbitrary and capricious, did not comply with the CWA, and exceeded EPA's statutory authority because (1) Oregon's compliance-schedule regulation permits discharges in violation of CWA water-quality

3   -   OPINION AND ORDER

standards and (2) EPA failed to conduct an anti-degradation review to ensure the compliance schedules would not result in further degradation of water quality. See 33 U.S.C. §§ 1313(c)(2), 1313(d)(4)(B). See also 40 C.F.R. pt. 131, subpt. B.

Plaintiffs did not name the State of Oregon as a defendant. Pursuant to Federal Rule of Civil Procedure 24, the State of Oregon now seeks to intervene as a matter of right or, in the alternative, to intervene permissively.

## **STANDARDS**

To intervene as a matter of right under Rule 24(a)(2), an applicant must establish

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. Alisal Water Corp.*, 370 F.3d 915, 918-19 (9th Cir. 2004). Courts broadly interpret these requirements, together with practical and equitable considerations, to favor intervention. *Id.* at 919.

4 - OPINION AND ORDER

## DISCUSSION

The State of Oregon seeks to intervene in this matter to protect its interests in developing and maintaining water-quality regulations in Oregon. As noted, Plaintiffs contend EPA's approval of Oregon's compliance-schedule regulation violated the ESA and the APA in part because Oregon's compliance schedule violates CWA water-quality standards. Thus, the sufficiency of Oregon's compliance-schedule regulation and Oregon's reliance on that regulation for issuing permits under the CWA are at issue. The Court, therefore, finds the State of Oregon has a significant interest in the issues raised by Plaintiffs in their Complaint.

In addition to Plaintiffs' challenge of the consistency of Oregon's compliance-schedule regulation with the CWA, Plaintiffs also seek to enjoin Oregon from relying on its regulation when issuing permits under the CWA. If Oregon were not allowed to intervene, it would be unable to protect its interests in creating and relying on its compliance-schedule regulation for the purpose of issuing permits under the CWA.

The State of Oregon also persuasively asserts EPA will not necessarily represent Oregon's interests or adequately defend its compliance-schedule regulation.

Finally, Oregon's Motion to Intervene in this matter is made early in the proceedings and does not prejudice the parties as evidenced by the absence of any objections to the Motion. Thus,

the Court deems the State's Motion to be timely.

In summary, the Court concludes on this record that the State of Oregon has satisfied the requirements of Federal Rule of Civil Procedure 24(a)(2) and is entitled to intervene as a matter of right.

## CONCLUSION

For these reasons, the Court **GRANTS** the State of Oregon's Motion to Intervene (#5) as a matter of right.

IT IS SO ORDERED.

DATED this 26th day of October, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge